# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 0283 | **DATE** | 12/21/2010 |
| **CASE TITLE** | Golden vs. Nadler Pritikin & Mirabelli | | |

**DOCKET ENTRY TEXT**

Bowes' motion to dismiss or alternatively for a more definite statement [358] is denied. Golden's motion for Rule 11 sanctions [368] is also denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Rule 12(b)(6) enables a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must "tak[e] all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (*quoting Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[1] *Twombly*, 550 U.S. at 555. Rather, the plaintiff must provide enough factual allegations to state a claim for relief that is not only conceivable, but "plausible on its face." *Id.* at 555 & 570; *see Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

     Bowes alternatively seeks a more definite statement under Rule 12(e). Rule 12(e) states, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A 12(e) motion must be made before filing a responsive pleading and must indicate what information is deficient and the details

| STATEMENT |
|---|

desired. *Id*. Such a motion is not to be used to obtain additional information, and should only be granted "when the pleading is so unintelligible that the movant cannot draft a responsive pleading. *MacNeil Auto. Prod., Ltd. V. Cannon Auto. Ltd.*, 715 F. Supp.2d 786, 790 (N.D. Ill. 2010) (citation omitted).

Bowes argues that Golden's amended complaint must be dismissed or amended with a more definite statement because it violates Rules 10(a) and (c) in that fails to attach the copyright. However, the court declines to find that Golden was required to include the actual copyright as an exhibit to the complaint. Although doing so may have been helpful, Bowes cites to no legal authority indicating that attaching the copyright is required, and Rule 10 does not require that an exhibit be attached. *See* Fed. R. Civ. P. 10(c). Indeed, the Seventh Circuit has declined to require any type of heightened pleading standard for copyright infringement cases. *See Mid America Title Co. v. Kirk*, 991 F.2d 417, 421-22 (7th Cir. 1993) (*quoting Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), *and noting,* "We cannot accept the argument that plaintiffs in [copyright infringement cases] must be held to a particularity requirement akin to Federal Rule of Civil Procedure 9(b) . . . exceptions to the requirements of Rule 8 'must be obtained by the process of amending the Federal Rules and not by judicial interpretation.'").

It is an extraordinarily close question whether Golden's bare-bones amended complaint passes muster under *Twombly*.[2] Golden alleges that he is the sole owner of the work named "Real Estate FSBO" and copyrighted on December 8, 2004 under copyright registration number TX 6-066-895. (Am. Compl. ¶¶ 19, 20, 22.) Golden further alleges that he was injured when Bowes (and other already-dismissed defendants) "made copies of Golden's original works without his consent or approval and used such copies for their own personal gain . . . by operating and/or representing an organization that lists homes for sale on Multiple Listing Services in a manner similar to the [Golden's real estate listing service]." (Am. Compl. ¶ 15; *accord* Am. Compl. ¶¶ 21, 24-25). Read literally, this is an allegation that Bowes, without consent or approval of the copyright holder, made copies and used the works. That is sufficient.

Given that Golden's amended complaint is not so unintelligible that Bowes cannot draft a responsive pleading, Bowes' motion for a more definite statement is denied.

Also, because Golden's amended complaint alleged just enough to survive dismissal, the court finds that Bowes' motion to dismiss was filed in good faith and is not sanctionable. Accordingly, Golden's motion for Rule 11 sanctions is denied.[3]

The court notes that it previously deferred, *see* Doc. 124, deciding a motion to dismiss Golden's copyright infringement claim because the divorce that was to determine the ownership of the copyright was still pending. Now that the parties allege that there has been a judgment in the divorce case settling the question of whether the copyright was marital property, the matter may be ripe for a motion for summary judgment.

## STATEMENT

[1] Golden argues that "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (Pls.' Response to Def. Bowes' Mot. To Dismiss at 3. (*quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). However, this proposition is no longer good law. *See Twombly*, 550 U.S. at 546 ("The 'no set of facts' language has been questioned, criticized, and explained away long enough by courts and commentators, and is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . .").

[2] Golden argues that the court can find the factual context that should have appeared in the complaint within the judgment from his divorce case and within an affidavit that Bowes submitted with her motion for summary judgment - the motion for summary judgment that has been withdrawn. (Pls.' Response to Def. Bowes' Mot. to Dismiss at 4-5.) While it is true that the court can take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) (*citing Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000)), this does not relieve Golden of his "obligation to provide the 'grounds' of his 'entitle[ment] to relief'" within his complaint. *Twombly*, 550 U.S. at 555. The same goes for Bowes' affidavit.

[3] If, as Bowes contends, the copyright at issue was deemed by the divorce judgment to be marital property at the time of Bowes' alleged infringement and Bowes was acting at the direction of Golden's (former) wife, then it is unclear how Golden can maintain a copyright infringement action against Bowes (neither party has attached the divorce judgment). Before proceeding, Golden should strongly consider whether he can do so while upholding his Rule 11 obligations.